Next case is docket 14-3012, Kerner v. Interior My name is Glenn Smith, I represent the petitioner Edward Kerner in this case. Mr. Kerner was a veteran preference eligible employee of the Department of Interior when he applied for two positions as a wildlife inspector, GS 9 and 11. Prior to becoming an employee with the Department of Interior, he served as sacrifice in defense of the country and the army and as a subcontractor supporting Operation Iraqi Freedom. He had earned a campaign badge in Kosovo. He was the sole criminal investigator in Camp Delta in Guantanamo Bay, Cuba for one year. That position was the equivalent of an 1811 or 1812 in the Federal Civilian Service. There he trained MPs on counter... We understand his experience. All of that is irrelevant, isn't it, if we determine that time and grade requirements apply equally to all federal employees under merit promotions. Well, I disagree with that premise. Well, I understand. Explain to me why the law is wrong. We don't need to hear the facts of his experience because the board didn't reach that. Okay. There's, I think, a couple of fundamental issues. One is you have time and grade regulations which are not based in law. They say that you have to serve one year at a lower level position before you can get promoted. Those regulations preexisted and came from the Korean War. They expired in 1978, the law that authorized them, but they held on the books. In 1998, the Veterans Employment Opportunity Act was passed, including Provision 3304F1, which says that if an agency opens up a position to someone outside its own agency, that it cannot deny a veteran preference eligible employee the right to compete. So let me ask you about that. If they hadn't opened this up to the outside agency, people outside the agency, if they had only done an in-agency merit promotion, you wouldn't be here, right? That's correct. So why does it make any difference that they opened it up? He is still already in the Federal Civil Service and has to follow the rules that Federal Civil Service employees follow. Because F1 says that once you open it up to outside employees, he cannot be denied the right to compete. And because they applied this time and grade standard to him, they denied him the right to compete. If he had not been in the Federal Government… But that's not exactly right, is he? He had the right to compete like all other agency employees on the same equal opportunity. No, he did not. The person down the hall from him that wasn't a veteran also had to fulfill the time and grade requirements, right? He did not apply under the Merit System Promotion Program. He applied under VEOA. Well, it's not really a VEOA application. It is VEOA prohibits agencies from discriminating against veterans or posing barriers to veterans to entry to civil service. But he's already in the civil service, right? He has a civil service job. And so I don't understand your argument once you concede that if he was – if it was limited to the agency, he had to fulfill the time and grade requirements, why it changes it when they opened it up to outside employees. Because 3304F1 requires it and it allows him to apply when otherwise he would not have been able to apply. And 33112 says that if he's examined, his experience must be credited. The promotion under 5 U.S.C. 3361 says that he can only be promoted only if he passes an examination. So when you talk about promotion, there is an examination provision and 33112 would kick in. But I think the fundamental issue is for 3404F1 to have meaning, he has to be able to apply and be given the right to compete and have his experiences credited. He's not seeking like a 10-point preference that people would get. You agree he can't get that for a promotion. Right. Here's the problem. Isn't the problem for you is that you're reading F1 out of context because 3304 is about entry into the competitive service. It's not about promotions in the competitive service. No, I disagree. Because 3304 – Bill A says the president may prescribe rules which will provide as nearly as conditions of good administration warrant for open competitive examinations for testing applicants for appointment in the competitive service. And these regulations, the time of grave regulations, were not promulgated pursuant to 3304. But the bottom line is everybody agrees that once they open it up to people outside their own agency, he was entitled to apply. If he's entitled to apply – No, he was entitled to apply because he already had status in the agency as a civil service employee. That's not true. Well, of course it's true. If he was not a civil servant but he was a veteran eligible candidate and not working for the federal government, he could have applied. If he was with another agency, he could have applied. Exactly, because 3304 is a source of allowing people and setting standards for appointment in the civil service. It's not for merit promotions. If he hadn't had an appointment in the civil service, if he wasn't already a status candidate, then it would apply. But he is a status candidate. I disagree in that I think if he was outside the federal government, not a current federal employee, he could have applied under this promotion, under this announcement, even though it's a merit promotion announcement because they were taking VEOA candidates and he qualified as a VEOA candidate. Well, I understand that. I mean, because he wouldn't have had status in the civil service, so he would have been seeking appointment in civil service. He's not seeking appointment in civil service. He's seeking a promotion. It's a nuance. Was it an important nuance? I mean, I think you're blurring the two things. 3304 applies to appointments in the civil service, and the whole point of VEOA is to eliminate barriers for veterans to get civil service jobs. If you look at the legislative history, that's all it talks about. It doesn't talk anything about giving veterans preference for merit promotions when they already have status. I disagree that the legislative history represents it. The agency cited to some older cases from the 65 and 75, those don't apply to the VEOA passage in 1998. I guess it's your argument that Mr. Kerner sort of has simultaneous dual status. Yes, he's a federal employee. You have to acknowledge that. Yes. Therefore, the time and grade requirements have to apply. But at the same time, he's wearing a second hat all the time, and that's the fact that he is a veteran. That's correct. A preference-eligible veteran. And so you're saying he should have the opportunity to be considered for this position under both hats. But if, for example, the federal employee hat, there's reasons why he can't be considered, he should still be considered under his other status, the status of a veteran. Is that your position? No. If you're assuming he's got two hats, one he's a federal employee and one he's a veteran-eligible employee who can apply under VEOA, he's only wearing the VEOA hat when he makes this application for purposes of this case. He recognizes under the internal procedures that he could not be promoted if they didn't open it up to people outside the agency. It's only because they did that he gets this right under F-1 and that 3311 would apply, and also because 3311 says that you have to credit his experience. And promotion requires examination. If you credit his experience, he had the equivalent experience, having been credentialed as a GS-15 as a subcontractor for a period of one year in Iraq. So here's my other problem. You're cross-referencing 3311, but 3311 talks about examinations for the competitive circle. Right. So the whole point of having an examination is to determine whether somebody's qualified to enter the civil service. He's already entered the civil service. He has status. But five U.S.C. You're suggesting that we ignore the fact that he's already a government employee. When VEOA and all these statutes are in, this whole point of them is to ensure that veterans have opportunities to enter the civil service. But they also have opportunities for promotion. We submit that VEOA F-1. So if you're suggesting, I think that sounds like what you're suggesting, is that veterans should gain some type of preference in the merit promotion procedure, I think the case law is very clearly against you on that. The case law predates the VEOA in 1998 passage. There's nothing in VEOA. I mean, you already conceded that you can't get preference points in the promotion process. That's true. There's nothing in VEOA that suggests you should get preference in promotions at all, does it? But 3361 says an individual may be promoted in the competitive service only if he has passed an examination. So that word examination shows up in 3311 and in 3361. So it should have meaning. And if it has meaning, then his equivalent experience should be applied to satisfy the time and grade requirements. I'm at the point where I've reserved for rebuttal. If there's more questions, I'll take them now. Otherwise, I would. Okay. All right. Thank you. Let's hear from the government. Ms. Stern. May it please the Court. Any suggestion that Mr. Kerner was punished or denied any advantage to which he was entitled to by statute or regulation is simply not supported by the record in this case. Mr. Kerner applied for a merit promotion as a current federal employee, and he was deemed ineligible because he did not meet the time and grade requirements, and there's no dispute that he didn't meet those requirements. This Court has said on several occasions, including in cases passed after the VEOA Act of 1998, that preference eligibles must still meet all eligibility requirements under merit promotion processes. Mr. Kerner has not identified any statute or regulation relating to veterans' preferences that somehow exempts a veteran who is a current federal employee from having to comply with time and grade requirements. In fact, the Board's decision in Ramsey v. OPM is directly to the contrary. In that case, the Board held that veterans who are applying through the merit promotion process must comply with time and grade requirements. Although Ramsey is a Board decision and not a decision of this Court, this Court did cite with approval to the Ramsey decision in its decision in Lozaro. Mr. Kerner's argument seems primarily focused on an interpretation of 5 U.S.C. Section 3311. However, that statute does not pertain at all to time and grade requirements or eligibility requirements. It speaks to measuring an employee's qualification under the experience requirements of a particular vacancy. In this case, the agency didn't even get to the point of investigating or examining Mr. Kerner's experience because he didn't meet the basic eligibility because he didn't have the time and grade requirements. In general, Mr. Kerner's argument that time and grade requirements are outdated or that OPM has considered eliminating them on some occasions is irrelevant. The fact is that OPM has not taken them off the regulation books. In fact, in 1983, in doubt, this Court expressly upheld the validity of time and grade regulations. It's clear that the Board properly found that Mr. Kerner did not have a claim under VOF because he was not denied any veterans' advantage in his application for the vacancy. In fact, the agency went out of its way to afford Mr. Kerner appointment to a wildlife inspector position through the Veterans Readjustment Act appointment, pursuant to which he was given a non-competitive appointment to a wildlife inspector position. And for all of those reasons in our brief, this Court should affirm the Board's decision. Thank you, Your Honors. Okay, thank you. With regard to the agency's argument that Ramsey is somehow dispositive, we would respectfully disagree. Ramsey was a quirky ruling that dealt with regulatory review, where Mr. Ramsey had applied for upwards of 100 different positions. It was dealt with, okay, OPM had passed certain regulations related to VEOA and he was challenging them, but there's no evidence in that case that they considered the fact that any one of those applications was open up to people outside the agency. We would have you look at the fact that a review of regulatory and statutory construction is de novo and would have you do that in this case. We have thoroughly briefed the arguments and we consider that Mr. Kerner has established that the agency, by deeming him ineligible, violated the provisions of 34F1 and 3311 without considering his credentials. And we've also established that he was equally qualified as the other outside candidate who was hired for one of the two positions, that the selecting official had interviewed him, asked the same questions, and deemed him equally qualified and said, you're hired. The concurring official said that he would have concurred with his appointment and held him to a GS11 standard even though he ultimately got a VRE appointment at GS5. And for these reasons, we would ask you to reverse the Merit System Protection Board and find Mr. Kerner's favor and provide him with full relief in the relief requested. Thank you. Thank you, Mr. Smith. The case is submitted.